**UNITED STATES of America,
Appellee,**

v.

**Richard FOURNIER, Defendant,
Appellant.**

**Docket No. 03–1864.**

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 2004.

Decided March 17, 2004.

David J. Barend was on brief for appellant.

Margaret D. McGaughey, Appellate Chief, with whom Paula D. Silsby, United States Attorney, was on brief for appellee.

Before LYNCH, Circuit Judge, STAHL, Senior Circuit Judge, and HOWARD, Circuit Judge.

PER CURIAM.

Richard Fournier pled guilty to one count of oxycodone distribution and one count of methamphetamine distribution, both in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). He appeals from his sentence on grounds that the sentencing court erred (1) in increasing his base offense level by two levels for obstruction of justice under § 3C1.1 of the United States Sentencing Guidelines and (2) in refusing to reward him with a two-level reduction for acceptance of responsibility, pursuant to § 3E1.1 of the Guidelines.

Fournier contends that the district court should have made a particularized finding as to whether he had the specific intent to obstruct justice, citing *United States v. Reed,* 49 F.3d 895, 900–01 (2d Cir.1995). We need not decide whether there must be a specific finding that Fournier had a specific intent to obstruct justice, as the evidence here clearly supports the district court's ultimate finding that Fournier intended to obstruct justice as defined by the Guidelines. *United States v. Picanso,* 333 F.3d 21, 24 (1st Cir.2003). The record amply shows that he violated multiple bail conditions in an attempt to flee and obstruct justice. Specifically, he (1) left his sister's home with all of his personal belongings without the permission of the Probation Office; (2) cut off his electronic monitoring bracelet; (3) attempted to dye his hair to change his

appearance; and (4) was caught and arrested by law enforcement while driving a vehicle packed with his personal belongings.

Likewise, we find no merit in Fournier's second basis for appeal. Given that "conduct resulting in an enhancement [for obstruction of justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," *see* USSG § 3E1.1 app. note 4, and that at the same time Fournier has not shown any "extraordinary circumstances" to merit the reduction, *see id.,* we find no problem with the district court's sentencing decision.

Accordingly, the sentence is *affirmed.*